## BLAISDELL *v.* SUMPTER.

### Opinion delivered December 3, 1898.

UNNECESSARY ADMINISTRATION—COSTS—PRACTICE IN EQUITY.—Where it appears that there was no occasion for an administration, the debts of intestate having been paid, it is error to allow the administrator, in a suit in equity against the heirs for possession of intestate's property, to recover costs needlessly incurred by him in taking care of the property and in making appraisement thereof.    (Page 9.)

Appeal from Garland Chancery Court.

LELAND LEATHERMAN, Chancellor.

*G. W. Murphy*, for appellants.

BUNN, C. J.    The abstract of appellants (there being no

brief and abstract for appellee) states the facts of this case fairly from the record, as follows, to-wit: "In the year 1873, Ida Thompson and John M. Blake, a jeweler in Hot Springs, Garland county, Ark., were married. In 1874, they were divorced. They had no children. In 1875, at Memphis, Tenn., she intermarried with A. J. Ackerman, and was soon divorced from him. Afterwards, in 1878, at San Antonio, Tex., she was married to H. E. Tuttle, from whom she was also afterwards divorced. J. M. Blake continued his jewelery business in Hot Springs until 1878, when his establishment, with everything in it, was lost by fire. He soon resumed business in the same line, and continued it until his death, in July, 1887, notwithstanding he passed through another fire in 1880. He left no children. E. G. Blake, R. K. Blake, Lucinda Otis, A. C. Otis, C. N. Porter and Rufus Porter are his heirs at law, and the only persons having any interest in his estate as such. They, the appellants, were all over 21 years of age when he died. He died intestate. These facts appear from the stipulation of counsel, as well as from the evidence. Upon the death of John M. Blake, his heirs, who are the appellants, and the creditors of his estate placed the stock of jewelery left by him in the hands of Ed. Hogaboom to be sold from as formerly until all his debts were paid, after which the business and what remained of the stock were turned over to the appellants under that agreement. The debts so paid amounted to from $12,000 to $14,000. After the turning over of the stock to the heirs, they continued the business. On the 28th of July, 1891, Ida Tuttle, in the name of Ida Thompson Blake, * * * filed in the probate court of Garland county, in vacation, a petition for the appointment of John J. Sumpter, as administrator of the estate of said John M. Blake. The clerk issued the letters of administration to him on the same day." Thereupon the said Sumpter qualified as such administrator, and thereupon he, as such administrator, instituted this suit against the defendant, Blaisdell, in charge of said business and property, for the possession of all the said stock of jewelry, on the 28th day of July, 1891, and a writ of possession was issued, and appellee was put in possession of said goods, and the appellant's business was closed. The other appellants, having been made parties defendant, filed

a joint answer with Blaisdell, setting up substantially the facts as stated above, and the fact that all the debts of John M. Blake had been paid by them.

The appellants also filed a protest in the Garland probate court against the confirmation of the action of the clerk in granting letters of administration, but the probate court confirmed the appointment, and appellants appealed to the circuit court, where the judgment of the probate court was reversed, and the letters of administration were revoked. This proceeding was subsequently set forth by the appellants in a supplemental answer in this cause. Appellee filed an answer to the cross-complaint, admitting the payment of the debts by the appellants, as stated, but alleging that they were not all the debts of John M. Blake, his intestate; averring that the suit was instituted in good faith, and not fraudulently, as alleged in defendant's answer; and also insisting that if the said marriages and divorces of the said Ida are material, she ought to be made a party; and that he, said administrator, had expended the sum of $500 in taking care of the property and in having it appraised.

The said claimant, under the name of Ida Thompson Blake, then filed her petition for dower, in which she set up her marriage with Blake, and her divorce from him, his death and intestacy, and a claim to one-half of the property aforesaid.

The court below dismissed the petition of the said Ida Thompson Blake, and the complaint and cross-complaint, but decreed that appellants should pay all costs in the proceedings; and from this latter order appellants appealed, there being no appeal on the part of the appellee, nor of Ida Thompson Blake.

The costs is all that is involved in this case. The cause was transferred to the Garland chancery court, and there heard. In equity, the costs are not necessarily adjudged, as at law, against the losing party; but, on the contrary, the chancellor possesses a large discretion in the matter, and, when the facts warrant it, may distribute the costs upon equitable principles, without regard to the fact of the decree in the case being otherwise for the one party or the other. But this discretion should be exercised upon well known principles only, and in cases

where the successful defendant is not without fault himself. 2 Beach, Equity Practice, § 1011.

The case at bar does not present the appellants as blamable in any respect for the entailment of the costs; but, on the contrary, presents the petitioner and the appellee as prosecuting a groundless claim. As to money expended for taking care of the property and for making an appraisement of the same, the property belonged to the appellants, was used in their legitimate business, and the taking of it by the appellee under his writ of possession was at his instance, and he ran the risk of succeeding in his suit, and failed.

The decree for costs is reversed, and the same are adjudged against the appellee individually, and the decree is so rendered here.